MARVIN V. MILLER, PERSONAL REPRESENTATIVE OF THE ESTATE OF FRANK J. JANECEK, DECEASED, APPELLANT, V. ROBERT JANECEK, APPELLEE.

314 N.W.2d 250

Filed January 4, 1982.   No. 43553.

Marvin V. Miller, pro se.

No appearance for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, and HASTINGS, JJ.

PER CURIAM.

This is an appeal from a civil action brought by the personal representative of the estate of Frank J. Janecek, deceased, to recover a money judgment against the defendant, Robert Janecek, for conversion

and for an accounting of funds allegedly held in constructive trust. Plaintiff appeals from an order sustaining defendant's motion for summary judgment.

The petition alleges that the decedent, on December 27, 1973, went to the First National Bank in Wahoo, Nebraska, to change his checking and savings accounts from sole accounts to joint accounts with right of survivorship with his son Robert. Signature cards were executed authorizing Robert to make deposits and withdrawals on the accounts. Thereafter, in January 1974, the decedent entered a care home and Robert managed the business affairs of the decedent. Robert endorsed checks of the decedent, depositing them into one or the other of the two joint accounts, and signed all the checks from the joint accounts. Robert continued managing his father's affairs until his father's death on January 3, 1978.

The plaintiff further alleged that during the last 2 years of decedent's life, he became extremely ill. No guardianship, conservatorship, or powers of attorney were ever granted to Robert or to any other person.

During his life, the decedent was possessed of real estate, tangible personal property, and the joint checking and savings accounts. Shortly before the decedent's death, Robert sold grain belonging to the decedent and deposited the proceeds into one of the joint accounts.

After the decedent's death, the personal representative made demand on Robert to pay over the funds in the joint checking and savings accounts. Robert refused on the grounds that the funds were not part of the decedent's estate and passed to Robert by virtue of the right-of-survivorship clause. The personal representative listed the balances of the joint accounts in the estate inventory. The personal representative filed a petition for direction from the county court, and an order was entered authorizing the personal representative to maintain an action in the District Court to determine ownership of the joint accounts.

Robert, the appellee herein, filed a motion for summary judgment, alleging that the District Court had no subject matter jurisdiction, which motion was sustained by the District Court. The District Court, in its order granting summary judgment to the appellee, stated: "The subject matter of this action is a matter relating to the estate of a decedent and by virtue thereof is subject matter jurisdiction for the County Court of Saunders County, Nebraska under Section 30-2211 R.R.S. 1943." The personal representative perfected his appeal to this court. We reverse.

The District Court based its decision on Neb. Rev. Stat. § 30-2211 (Reissue 1979), which provides: "(a) To the full extent permitted by the Constitution of Nebraska, the [county] court has jurisdiction over all subject matter relating to (1) estates of decedents, including construction of wills and determination of heirs and successors of decedents, and estates of protected persons . . . ."

The District Court derives its broad jurisdiction and powers from Neb. Const. art. V, § 9, which provides in part: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide . . . ."

Neb. Rev. Stat. § 24-302 (Reissue 1979) provides: "The district courts shall have and exercise general, original and appellate jurisdiction in all matters, both civil and criminal, except where otherwise provided."

The county court's jurisdiction is set forth in Neb. Rev. Stat. § 24-517 (Reissue 1979), which provides in part: "Each county court shall have the following jurisdiction:

"(1) Exclusive original jurisdiction of all matters relating to decedents' estates, including the probate of wills and the construction thereof;

. . . .

"(4) Concurrent original jurisdiction with the district court in all civil actions of any type when the amount in controversy does not exceed five thousand dollars;

. . . .

"(9) All other jurisdiction heretofore provided and not specifically repealed by Laws 1972, Legislative Bill 1032, and such other jurisdiction as hereafter provided by law."

The county courts can only acquire jurisdiction through legislative enactment. Neb. Const. art. V, § 1; *In re Estate of Layton*, 207 Neb. 646, 300 N.W.2d 802 (1981). The Nebraska Legislature enacted the Nebraska Probate Code in 1974 Neb. Laws, L.B. 354. Section 30-2211, the section on which the district judge granted summary judgment, was enacted as part of the Nebraska Probate Code and corresponds to § 24-517.

Against this backdrop of constitutional and statutory provisions, the issue in this case is which court had jurisdiction to determine title to the joint accounts and to make a determination of whether or not the funds in the accounts had been converted.

The appellee contends that the action cannot be brought in the District Court since it is an action "relating to decedents' estates," and must be brought in the county court. The appellant, on the other hand, contends that the District Court has jurisdiction to determine title to property, regardless of the fact that the personal representative brought the action or that, if he is successful, the property may be recovered by and distributed through the estate. Furthermore, the fact that a personal representative is involved in a lawsuit does not automatically make the matter one relating to a decedent's estate.

Neb. Rev. Stat. § 30-2704(a) (Reissue 1979) states in part: "Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created."

Neb. Rev. Stat. § 30-2706 (Reissue 1979) provides further: "Any transfers resulting from the application of section 30-2704 are effective by reason of the account

contracts involved and this statute and are not to be considered as testamentary or subject to Articles 22 to 25 of this code."

The District Court erred in finding that the county court acquired jurisdiction over this action by virtue of § 30-2211 since the property was transferred by contract and is not testamentary in nature.

We note that the personal representative's authority to bring this action in the District Court may be inferred from Neb. Rev. Stat. § 30-2476 (Reissue 1979), which provides in part: "[A] personal representative, acting reasonably for the benefit of the interested persons, may properly: . . . (22) prosecute or defend claims or proceedings in *any jurisdiction* for the protection of the estate and of the personal representative in the performance of his duties . . . ." (Emphasis supplied.)

Further, since this is an equity action based on constructive trust or, in the alternative, conversion, it must be brought in the District Court. County courts have no equity jurisdiction over this type of action. We have said in the past that a county court, in exercising its original jurisdiction over estates, could apply equitable principles to matters within its probate jurisdiction. *In re Estate of Layton, supra.* This is not the case here.

In *State ex rel. Wright v. Barney*, 133 Neb. 676, 680-81, 276 N.W. 676, 680-81 (1937), we said: "'This court is committed to the view that not only is equity jurisdiction conferred by the terms of the Constitution, but that, as thus conferred, it is beyond the power of the legislature to limit or control; that while the legislature may grant to the district courts such other jurisdiction as it may deem proper, it cannot limit or take from such courts their broad and general jurisdiction which the Constitution has conferred upon them. . . .' [Citations omitted.]

"It is obvious that the exclusive and preeminent nature of the equity jurisdiction conferred on the

district courts by these constitutional provisions is equally true of the common-law jurisdiction likewise vested in the same tribunals.

"And, we are also committed to the view: 'It is an imperative duty of the judicial department of government to protect its jurisdiction at the boundaries of power fixed by the Constitution.'"

This case can be distinguished from *In re Estate of Kentopp*, 206 Neb. 776, 295 N.W.2d 275 (1980), and *In re Estate of Layton*, 207 Neb. 646, 300 N.W.2d 802 (1981), in that in those cases the property involved was clearly the decedent's at the time of his death and subject to administration in the county court.

The judgment of the District Court is hereby reversed and remanded for proceedings not inconsistent with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.

WHITE, J., participating on briefs.