MARVIN V. MILLER, PERSONAL REPRESENTATIVE OF THE
ESTATE OF FRANK J. JANECEK, DECEASED, APPELLANT,
v. ROBERT JANECEK, APPELLEE.
337 N.W.2d 752

Filed August 12, 1983.   No. 82-498.

Marvin V. Miller, pro se.

Robert E. Sullivan of Haessler, Sullivan & Inbody, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, WHITE, HASTINGS, CAPORALE, and SHANAHAN, JJ.

BOSLAUGH, J.

This case arises out of a controversy concerning a savings account and a checking account in the First National Bank of Wahoo, Nebraska. The accounts were owned by Frank J. Janecek, who died on January 3, 1978. This action was commenced by the personal representative of the estate of the deceased to recover the amounts remaining in the accounts at the time of the death of Frank J. Janecek.

The defendant, Robert Janecek, is a son of the deceased. The record shows that on December 27, 1973, the deceased had the defendant's name "added" to the accounts so that the defendant could "take care" of the business of the deceased. After that date the accounts were titled in the names of the deceased and the defendant "WROS."

The transcript filed in this court does not include a copy of the defendant's answer, but it is apparent from the defendant's brief that he claims the pro-

ceeds from the accounts under Neb. Rev. Stat. § 30-2704(a) (Reissue 1979), which provides in part: "Sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate of the decedent unless there is clear and convincing evidence of a different intention at the time the account is created. . . ."

The trial court originally sustained the defendant's motion for summary judgment on jurisdictional grounds. That judgment was reversed in *Miller v. Janecek*, 210 Neb. 316, 314 N.W.2d 250 (1982). Upon remand the trial court sustained the defendant's motion for a directed verdict at the close of the plaintiff's evidence and dismissed the petition. The plaintiff has again appealed to this court.

The plaintiff's theory of the case is that one who assumes gratuitously to control or manage the property of another must account to the beneficiaries of the person whose property he has assumed to control or manage. In *Nebraska Power Co. v. Koenig*, 93 Neb. 68, 75, 139 N.W. 839, 842 (1913), we said: "A person gratuitously or officiously assuming as agent or trustee to control or manage the property or interests of another is as firmly bound by the implied terms of his confidential relation as one who is regularly employed and paid."

The evidence shows that the defendant had no written power of attorney or other formal authorization from the deceased or any court to manage his affairs. During the lifetime of the deceased, the defendant did not assert any claim of ownership over the accounts, although the defendant deposited funds of the deceased in the accounts and withdrew funds from the accounts to pay expenses of the deceased.

The evidence further shows that the deceased was in poor health during the last years of his life and, at some time between December 27, 1973, and his death on January 3, 1978, became incompetent to transact business. The defendant, however, continued to transact business for the deceased and deposited

funds of the deceased in the account until his death. On December 27, 1977, a week before the death of the deceased, the defendant sold grain belonging to the deceased and deposited $3,054.93 in the checking account. That account had a balance of $971.75 on January 3, 1978. The savings account had a balance of $4,955.91 on that date.

Generally, the loss of capacity by a principal terminates the authority of an agent. See, Restatement (Second) of Agency § 122 (1958); *Watkins v. Hagerty*, 104 Neb. 414, 177 N.W. 654 (1920).

The deceased was survived by four children: the defendant and Leonard Janecek, his sons, and Leona Germain and Judith Freeborn, his daughters. The decedent's will bequeathed the personal property of the deceased and the residue of his estate to the daughters, share and share alike.

In determining whether there was sufficient evidence to present a question for the jury, the trial court was required to view the evidence in the light most favorable to the plaintiff, resolve all disputed matters in his favor, and give him the benefit of all reasonable inferences that could be drawn from the evidence.

The evidence which has been summarized was sufficient to present a question for the jury, and the defendant's motion for a directed verdict should have been overruled. The judgment of the District Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.