IN RE ESTATE OF THELMA SEVERNS, DECEASED.
WILBUR F. ROGERS AND PRISCILLA ROGERS,
APPELLANTS, V. SCOTTSBLUFF NATIONAL BANK AND
TRUST COMPANY ET AL., PERSONAL REPRESENTATIVES,
AND MELVIN ROGERS ET AL., APPELLEES.
352 N.W.2d 865

Filed July 6, 1984. No. 83-521.

John K. Sorensen, for appellants.

Donn C. Raymond of Raymond, Olsen, Ediger &
Ballew, P.C., for appellees Melvin Rogers et al.

No appearance for personal representatives.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

The appellants, Wilbur F. Rogers and his wife, Priscilla Rogers (the Rogers), appeal from a judgment entered by the district court for Scotts Bluff County, Nebraska, which affirmed an earlier order entered by the county court for Scotts Bluff County, Nebraska, rejecting a certain "claim" filed by the Rogers against the estate of Wilbur Rogers' sister, Thelma Severns. We affirm.

On April 30, 1982, Thelma Severns died while domiciled in Gering, Scotts Bluff County, Nebraska. She left surviving four brothers, Melvin Rogers, Hubert Rogers, Merrell G. Rogers, and the appellant Wilbur F. Rogers. Her last will and testament was admitted to probate on June 3, 1982, and after providing for some specific bequests, directed that the residue of her estate be divided among her four surviving brothers. On August 9, 1982, Wilbur Rogers, together with his wife, Priscilla Rogers, filed a document entitled "STATEMENT OF CLAIM" in the Severns estate. The claim alleged that a certain grandfather's clock, shown as one of the assets of the estate of Thelma Severns, was in fact the personal property of the Rogers and should be ordered delivered back to them. The grandfather's clock was appraised at $3,750. The personal representatives objected to the allowance of the "claim," and the matter came before the county court for trial without a jury on February 18, 1983. Following a trial to the court, the court found that the grandfather's clock was owned by Thelma Severns at the time of her death and, therefore, disallowed the "claim." On appeal to the district court the judgment was affirmed, and it is now before us for further review.

While the document filed by the Rogers was entitled "STATEMENT OF CLAIM," we note in passing that such designation was not proper. Neb. Rev. Stat. § 30-2209(4) (Reissue 1979) of the Nebraska Probate Code defines a claim as follows:

> Claims, in respect to estates of decedents and protected persons, includes liabilities of the decedent or protected person whether arising in contract, in tort or otherwise, and liabilities of the estate which arise at or after the death of the decedent or after the appointment of a conservator, including funeral expenses and expenses of administration. The term *does not include* estate or inheritance taxes, demands *or disputes regarding title of a decedent* or protected person to specific assets alleged to be included in the estate.

(Emphasis supplied.) It is clear beyond question that the action here involved a dispute regarding title of property allegedly belonging to the decedent and included in her estate, and was not a claim. The county court, however, did have jurisdiction to determine whether the property properly belonged to the estate. See *In re Estate of Layton*, 207 Neb. 646, 300 N.W.2d 802 (1981). That is, the property was in the possession of the decedent at the time of her death and came into the possession of the personal representatives by reason of the decedent's death. Unlike the case of *Miller v. Janecek*, 210 Neb. 316, 314 N.W.2d 250 (1982), where the property was in the possession of another and the personal representative was attempting to establish title in the estate, where the property is already in the possession of the estate, the county court has jurisdiction to determine title. Neb. Rev. Stat. § 30-2405 (Reissue 1979). The misdesignation by the Rogers does not, however, affect the outcome of the case.

In support of their appeal Wilbur and Priscilla Rogers assign two errors. First, they maintain that the county court erred in allowing hearsay testi-

mony from two witnesses called by the estate. Second, they maintain that the county court erred in not finding that when the hearsay evidence is disregarded, as the Rogers maintain it should have been, the "claimants" made a prima facie case.

The two witnesses whose testimony is attacked are Betty Hullinger, a neighbor of the deceased, and Merrell G. Rogers, a brother of the deceased. All parties to this action concede that the statements in question were hearsay, but the objectors maintain that the statements were nevertheless admissible as an exception to the hearsay rule, particularly Neb. Rev. Stat. § 27-803(22) (Reissue 1979). Under § 27-803(22) hearsay testimony may be admissible under certain conditions, provided adequate notice is given. Section 27-803(22) provides in part:

> A statement may not be admitted under this exception unless the proponent of it makes known to the adverse party, sufficiently in advance of the trial or hearing to provide the adverse party with a fair opportunity to prepare to meet it, his intention to offer the statement and the particulars of it, including the name and address of the declarant.

We have previously held that this notice requirement is mandatory. See *State v. Leisy*, 207 Neb. 118, 295 N.W.2d 715 (1980). With regard to Betty Hullinger's testimony, all parties concede that this notice requirement was not met and, therefore, the trial court did err in admitting her statements. As we will point out hereafter, however, we do not believe that the court's error in that regard requires us to reverse the ultimate decision.

We then turn to the question of whether statements made by the decedent's brother Merrell Rogers were also inadmissible. With regard to the testimony of Merrell Rogers, there is no question that the notice requirement was met. The question which we must address is, assuming that proper notice was given with regard to the hearsay state-

ments made by Merrell Rogers, whether the testimony was admissible as an exception to the hearsay rule. Again, the parties all concede that there is no other exception to the hearsay rule which may be applicable except § 27-803(22). That section permits hearsay testimony under certain conditions, and provides in part as follows:

A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (a) the statement is offered as evidence of a material fact, (b) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts, and (c) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

The particular testimony involved in this controversy concerned a conversation which allegedly took place between Merrell Rogers and his sister, the decedent, several years prior to her death, at which time she advised him that she had acquired the grandfather's clock in question by purchase from her brother Wilbur and his wife in 1962, that Wilbur and Priscilla had indicated a desire to repurchase the clock, but that Thelma was not interested. There is, of course, no question that the statement is hearsay, Neb. Rev. Stat. § 27-801(3) (Reissue 1979), and unless it is within one of the exceptions, in particular § 27-803(22), it was not admissible.

The Rogers specifically argue that Merrell Rogers' testimony does not fall within the exception because, on its face, it is not "trustworthy," as required by § 27-803(22). In support of that contention, they point out that if the "claim" is rejected and the property included in the estate, then Merrell Rogers will gain as an heir. The Rogers fail to recognize that, if the testimony of Merrell Rogers is rejected

and only the testimony of Wilbur Rogers is admitted, then it may be the Rogers who will gain. The argument that Wilbur Rogers' testimony is more trustworthy than Merrell Rogers' seems to fail to recognize that, at best, Wilbur Rogers' testimony may be totally self-serving and even less credible. The problem with the argument made by the Rogers is that it confuses the matter of "trustworthiness," as required in the exception to the hearsay rule, with the credibility or the weight to be given the evidence once admitted. The question of trustworthiness under § 27-803(22) does not involve whether Merrell Rogers' statement is "trustworthy," but, rather, it involves whether the decedent's statement, as reported by Merrell Rogers, is trustworthy. That is, "[t]he critical issue here is whether the circumstances surrounding the making of the hearsay statements by the decedent provided guarantees of trustworthiness comparable to the other specific exceptions . . . ." *State v. Beam*, 206 Neb. 248, 254, 292 N.W.2d 302, 305 (1980). The trustworthiness of the declarant should not be confused with the credibility of the witness testifying at trial, which is a question for the trier of fact. See, *Ineba Ranch v. Cockerill*, 201 Neb. 592, 271 N.W.2d 44 (1978); *Martinez v. Peterson*, 212 Neb. 168, 322 N.W.2d 386 (1982). Therefore, the fact that Merrell Rogers may be interested in the outcome of the case does not affect the issue of trustworthiness as contemplated by § 27-803(22).

Obviously, the instant fact situation presents an extremely difficult case. It is apparent that it is because of such difficult cases that this very exception to the hearsay rule was created. Here, the statement was made by one now deceased. Unless the testimony is admitted, then the statement is lost forever. When one views the circumstances under which the statement was supposedly made, if true, one concludes that if the witness is believed, the statement has trustworthiness. The statement as to ownership was made by the decedent at a time when

no issue as to title was in existence and decedent had no reason to create such testimony. If the trial court believed that the statement was in fact made by the de'cedent, an issue involving the credibility of Merrell Rogers, then it cannot be said as a matter of law that the statement itself, under the circumstances existing when made, did not have trustworthiness. Those issues are matters which the trial court, hearing the evidence and seeing the witnesses, must, in each instance, determine, just as the trial court must determine trustworthiness and credibility whenever the question of foundation is raised. While we have indicated that there is a distinction to be made between trustworthiness and credibility, we believe that the tests which we apply with regard to reviewing credibility must of necessity likewise apply with regard to trustworthiness. In *In Re Estate of Camin*, 212 Neb. 490, 506-07, 323 N.W.2d 827, 838 (1982), we said:

> Furthermore, with regard to the admission of the January 3, 1979, will, we note that " 'The exercise by the trial court of its discretion in ruling on the admission or rejection of evidence will generally not be reviewed by an appellate court, unless it is clearly or plainly shown that the trial court abused its discretion.' " *Westover v. Kerr*, 168 Neb. 494, 498, 96 N.W.2d 421, 424 (1959).

We simply cannot say, as a matter of law, all things considered, that the trial court was clearly wrong in concluding that the hearsay testimony offered by Merrell Rogers regarding his sister's statements was not admissible as an exception to the hearsay rule. The trial court did not err in this regard.

We turn, then, to Wilbur and Priscilla Rogers' final claim, that the evidence was insufficient to support the court's decision. In this regard we might add that even disregarding the hearsay testimony of Merrell Rogers, the evidence was sufficient to support the conclusion of the trial court. The only testimony to support the claim that the clock belonged

to Wilbur and his wife was the self-serving statements offered by Wilbur Rogers and his wife. Opposing these statements are a number of uncontroverted facts. At the time of the decedent's death, the clock was in her possession, and had been so for nearly 28 years. There is a presumption of ownership created by the fact that an individual has exclusive possession of personal property. See, *Booknau v. Clark*, 58 Neb. 610, 79 N.W. 159 (1899); *Allied Inv. Co. v. Shaneyfelt*, 161 Neb. 840, 74 N.W.2d 723 (1956). Evidence must be offered to overcome the presumption.

Furthermore, even though Wilbur and Priscilla Rogers maintain that the property was theirs and it was of great value, they made no claim regarding the clock nor attempted in any manner to retrieve it when they were aware of their sister's grave illness and imminent death. And, following her death, a claim was made by another individual regarding certain property in the decedent's possession. Three of the brothers, including Wilbur, met with one of the personal representatives of the estate and agreed that the property did not belong to the decedent and should be returned to the individual making the claim. Yet, at no time during those discussions did the Rogers make any claim regarding the grandfather's clock. One is inclined to think that, if a meeting is taking place to sort out valuable property not belonging to the decedent, the grandfather's clock would have been discussed.

When one examines all of the admissible evidence, the most that can be said is that the evidence is evenly balanced between the parties. This is not sufficient to satisfy the burden of proof imposed upon Wilbur and Priscilla Rogers. The burden of proof in this case to establish lawful title to the clock was clearly upon the Rogers, who were seeking to take the property from the estate. Generally, the burden of proof is ordinarily on the party who would suffer if no evidence at all were introduced. *Bishop*

*Buffets, Inc. v. Westroads, Inc.*, 202 Neb. 171, 274 N.W.2d 530 (1979). The burden of proof means the duty resting on one party to establish by a preponderance of the evidence an issue essential to recovery. *Davis v. Landis Outboard Motor Co.*, 179 Neb. 391, 138 N.W.2d 474 (1965). We have frequently held that if established facts give equal support to two inconsistent inferences, then the judgment must go against the party having the burden of proof. *Bernhardt v. Chicago, B. & Q. R. Co.*, 132 Neb. 346, 272 N.W. 209 (1937). We regularly instruct juries that if the evidence upon a fact is evenly balanced or if it preponderates in favor of the other party, then the burden has not been met. See NJI 2.12. Even disregarding the testimony of Merrell Rogers, we are unable to say that the evidence preponderates in favor of Wilbur and Priscilla Rogers. Being unable to do so, we must conclude, as the trial court obviously concluded, that the burden of proof had not been met by those seeking to establish title to the clock, and the judgment of the district court affirming the action of the trial court in declaring the clock to be a part of the decedent's estate must be affirmed.

AFFIRMED.