WILLIAM J. IODENCE, APPELLANT, V. JOHN POTMESIL, APPELLEE.
476 N.W.2d 554

Filed November 1, 1991.   No. 89-482.

Frederick B. Allan, Jr., of Allan, Brauer & Mullally, for appellant.

Terry Curtiss, of Curtiss, Moravek & Curtiss, P.C., for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

FAHRNBRUCH, J.

William J. Iodence appeals an order of the district court for Box Butte County affirming the issuance of an injunction by the Box Butte County Court which prohibits Iodence from replanting a grove of trees mowed down by the appellee, John Potmesil.

Since the county court lacked jurisdiction to order injunctive relief in this type of case, we reverse the ruling of the district court and remand the cause with directions.

Iodence successfully brought suit in the county court against Potmesil and received a $4,520 judgment as a result of

Potmesil's destruction of the appellant's trees. On appeal, the district court affirmed that award. Potmesil did not appeal that award, and it is not an issue in the appeal to this court.

Potmesil asked for and received from the county court an order enjoining Iodence from replacing the trees Potmesil had destroyed. Iodence appealed to the district court the granting of the injunction by the county court. The district court affirmed the issuance of the injunction, and Iodence timely appealed to this court.

Iodence's first two assignments of error challenge the county court's power to exercise equity jurisdiction in this case. In holding that the county courts may "exercise powers of a court of equity," the district court relied upon article V, § 1, of the Nebraska Constitution and Neb. Rev. Stat. § 24-517(4) (Reissue 1989). Iodence claims that this reliance was misplaced.

Article V, § 1, provides in part:

> The judicial power of the state shall be vested in a Supreme Court, district courts, county courts, in and for each county, with one or more judges for each county, or with one judge for two or more counties, as the Legislature shall provide, and such other courts inferior to the Supreme Court as may be created by law.

County courts can acquire jurisdiction only through legislative enactment. *Miller v. Janecek*, 210 Neb. 316, 314 N.W.2d 250 (1982).

Except as to the dollar amount in controversy, which has been increased from time to time, § 24-517(4) (originally enacted as § 24-517(3)) has remained the same since its effective date, January 4, 1973, and now provides in relevant part: "Each county court shall have the following jurisdiction: . . . (4) Concurrent original jurisdiction with the district court in all civil actions of any type when the amount in controversy does not exceed fifteen thousand dollars." 1991 Neb. Laws, L.B. 422. Article V, § 9, of the Nebraska Constitution provides: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide . . . ."

When enacting the probate code in 1974, the Legislature specifically granted jurisdiction to the county courts to

partition or sell real estate in a decedent's estate during the pendency of the estate proceedings. See Neb. Rev. Stat. § 30-24,109 (Reissue 1989). Partition is an equity action. *Sherman v. Schulz*, 220 Neb. 375, 370 N.W.2d 123 (1985).

In 1985, we recognized that in common-law and equity actions relating to decedents' estates, the county courts have concurrent original jurisdiction with the district courts. See *In re Estate of Steppuhn*, 221 Neb. 329, 377 N.W.2d 83 (1985).

The Legislature has also given the county courts equity power to issue a temporary restraining order when there is no district judge in the county. See Neb. Rev. Stat. § 25-1064(4) (Reissue 1989). It is clear that when the Legislature intends that the county courts exercise equity jurisdiction, it has no trouble in saying so.

The question here is whether the language of § 24-517(4) demonstrates a legislative intent for county courts to exercise equity jurisdiction concurrently with the district courts "in all civil actions of any type when the amount in controversy does not exceed fifteen thousand dollars." The appellee argues that the statutory language "*all* civil actions of *any type*" (emphasis supplied) manifests such an intent. However, without a more clear legislative mandate to vest equity jurisdiction in the county courts under this section, we cannot agree with appellee's contention. Had the Legislature intended § 24-517(4) to include equity actions, it would have clearly stated such intent.

The controlling language in § 24-517(4) is the phrase "when the amount in controversy does not exceed fifteen thousand dollars." In an action for an injunction, there is no amount in controversy. Nor is the statute worded to include actions which do not encompass an amount in controversy.

The Legislature has the power to confer subject matter jurisdiction on the county courts. To date, save for the county court probate powers and the county courts' limited jurisdiction in granting temporary restraining orders, jurisdiction in equity actions remains in the district courts.

After the enactment of § 24-517, we have had occasion to determine the jurisdiction of the lower courts in equity actions. In *Miller v. Janecek, supra*, we reversed a district court ruling

that it had no jurisdiction to hear an action brought by a personal representative of an estate against the decedent's son for conversion of funds and for an accounting. "[S]ince this is an equity action based on constructive trust or, in the alternative, conversion, it must be brought in the District Court. County courts have no equity jurisdiction over this type of action." *Id*. at 320, 314 N.W.2d at 252. See, also, *Village of Springfield v. Hevelone*, 195 Neb. 37, 39, 236 N.W.2d 811, 813 (1975) ("[i]nsofar as injunction actions are concerned, the statutes place jurisdiction in the District Court. . . . The only jurisdiction [in regard to injunctions] conferred on a county judge is to issue a temporary restraining order when there is no District Judge in the county").

We need not address appellant's other assignment of error.

Because the county court lacked jurisdiction to issue an injunction, we also are without the power to adjudicate the merits of issuing an injunction in this case. See *Nebraska State Bar Found. v. Lancaster Cty. Bd. of Equal.*, 237 Neb. 1, 465 N.W.2d 111 (1991). The judgment of the district court as it relates to the injunction issued by the Box Butte County Court is reversed, and the district court is instructed to remand the cause to the Box Butte County Court with directions to vacate the injunction issued by it in this case. The balance of the district court's judgment is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED
AND REMANDED WITH DIRECTIONS.