ELIA SCHERBAK, APPELLANT, V. BEVERLY KISSLER/KISSLER CASH
REGISTER COMPANY, APPELLEE.

510 N.W.2d 318

Filed January 28, 1994.    No. S-92-125.

Elia Scherbak, pro se.

Roy A. Sheaff for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE,
FAHRNBRUCH, and LANPHIER, JJ., and GRANT, J., Retired.

WHITE, J.

Elia Scherbak appeals from a judgment of the Lancaster
County District Court entered in favor of appellee, Beverly
Kissler/Kissler Cash Register Company (Kissler), regarding
ownership of certain real property. The action in district court
arose from Scherbak's appeal from an order of the small claims
department of the Lancaster County Court. We reverse the
judgment of the district court because the small claims
department of the county court lacked jurisdiction to hear
Scherbak's claim.

Scherbak maintains that he is the legal owner of a parcel of
land, identified as the north 52 feet of Lot 11, Block 14, Cahn,

Metcalf & Falwell's subdivision of Lincoln (North 52). On December 28, 1979, the North 52 was conveyed, by survivorship warranty deed, to Beverly Kissler.

On July 29, 1953, the south 90 feet of Lot 11, Block 14, Cahn, Metcalf & Falwell's subdivision of Lincoln (South 90) was conveyed, by warranty deed, to Scherbak. In addition to receiving the South 90, Scherbak also received, by the same deed, a right to maintain a sewer over the North 52.

Scherbak filed a complaint in the small claims department of the county court and alleged that the North 52 is his property. In his complaint, Scherbak requested that Kissler "pay the sum of $1,800" or "return the property valued at $10,000." After the county court dismissed Scherbak's complaint, he appealed to the district court. The district court held a trial de novo and then found in favor of Kissler. Scherbak appeals from that judgment. Kissler requested that this court award sanctions against Scherbak for maintaining a frivolous claim pursuant to Neb. Rev. Stat. § 25-824 (Reissue 1989).

As stated above, we find that the small claims department of county court lacked subject matter jurisdiction to adjudicate Scherbak's claim. Lack of subject matter jurisdiction may be raised sua sponte by a court. *Anderson v. HMO Nebraska*, 244 Neb. 237, 505 N.W.2d 700 (1993); *Armstrong v. Higgins*, 241 Neb. 833, 491 N.W.2d 331 (1992). Moreover, parties cannot confer subject matter jurisdiction on a court by acquiescence or consent; neither may subject matter jurisdiction be created by waiver, estoppel, or conduct of the parties. *Anderson, supra; Mid-America Pipeline Co. v. Boehm*, 244 Neb. 220, 506 N.W.2d 41 (1993); *JEMCO, Inc. v. Board of Equal. of Box Butte Cty.*, 242 Neb. 361, 495 N.W.2d 44 (1993).

Scherbak's claim in small claims court requests that the court award money damages or the return of real property. More specifically, Scherbak's claim rests on his assertion that he, not Kissler, owns the North 52. In Scherbak's description of his claim, he states that he owns the North 52 and that he wants Kissler not to use the North 52 for any purpose.

We initially consider whether Scherbak's claim is one in equity or law. This is important because the small claims court is not vested with any general equity jurisdiction. The essential

character of an action and relief sought, whether legal or equitable, is determinable from its main object, as disclosed by the pleadings. *White v. Medico Life Ins. Co.*, 212 Neb. 901, 327 N.W.2d 606 (1982); *Nebraska Engineering Co. v. Gerstner*, 212 Neb. 440, 323 N.W.2d 84 (1982); *Hein v. M & N Feed Yards, Inc.*, 205 Neb. 691, 289 N.W.2d 756 (1980). After a review of Scherbak's claim, we conclude that the essential nature of his claim is equitable. It is based on theories and principles closely resembling an action to quiet title and an action seeking to permanently enjoin Kissler from using the North 52. See *Morse v. Cochran*, 131 Neb. 424, 268 N.W.2d 307 (1936).

Now that we have determined that the essential nature of the claim is one sounding in equity, it becomes necessary to determine whether the small claims court had jurisdiction to adjudicate the claim.

Small claims court is a department of the county court. Neb. Rev. Stat. § 25-2801 (Reissue 1989). County courts may only acquire equity jurisdiction through legislative action. *Iodence v. Potmesil*, 239 Neb. 387, 476 N.W.2d 554 (1991); *Miller v. Janecek*, 210 Neb. 316, 314 N.W.2d 250 (1982).

The statute setting forth the jurisdiction of small claims courts states: "The Small Claims Court shall have subject matter jurisdiction in all civil actions of any type when the amount of money or damages or the value of the personal property claimed does not exceed one thousand five hundred dollars, exclusive of interest and costs." Neb. Rev. Stat. § 25-2802(1) (Reissue 1989). The Nebraska Supreme Court has increased the amount in controversy to $1,800. See Neb. Ct. Misc. R. (rev. 1990) (small claims court form). Neb. Const. art. V, § 9, provides: "The district courts shall have both chancery and common law jurisdiction, and such other jurisdiction as the Legislature may provide . . . ."

The Legislature has granted some equity authority to county courts. The Nebraska Probate Code grants county courts the power to partition or sell real estate belonging to a decedent's estate. Another statute grants county courts the authority to issue temporary restraining orders if a district court judge is not present in the county. Neb. Rev. Stat. §§ 30-24,109 (Reissue 1989) and 25-1064(4) (Cum. Supp. 1992). See *Iodence, supra*. If

the Legislature should choose to grant equity jurisdiction to county courts or to small claims courts, it will do so in a specific mandate.

The language setting forth the jurisdiction of small claims courts, "in all civil actions of any type," fails to vest the small claims courts with general equitable jurisdiction. In *Iodence*, this court held that the same language describing the jurisdiction of county courts similarly failed to indicate that the Legislature had granted county courts general equity jurisdiction.

Scherbak's claim necessarily involves an equity action; the small claims court has no general equitable jurisdiction; and thus, the small claims court lacked subject matter jurisdiction to determine Scherbak's claim. Cf. *Miller, supra* (stating that county court had no jurisdiction to hear the claim for money because the action was an equity action based on constructive trust or conversion theories). The district court lacked jurisdiction to consider Scherbak's appeal from the order of the small claims court because the small claims court lacked jurisdiction to determine the claim. We therefore lack jurisdiction to address the merits of the appeal.

We reverse the orders of the district court and small claims court and remand the cause with directions to dismiss the claim for lack of jurisdiction.

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.