Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/30/2023 08:06 AM CDT

- 597 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
314 NEBRASKA REPORTS
IN RE GUARDIANSHIP & CONSERVATORSHIP OF MARONICA B.
Cite as 314 Neb. 597

IN RE GUARDIANSHIP AND CONSERVATORSHIP OF
MARONICA B., A PROTECTED PERSON.
RONALD BRANCH, APPELLANT, V. DAVION BREWER
AND STUDENT TRANSPORTATION OF
NEBRASKA, INC., APPELLEES.

___ N.W.2d ___

Filed June 30, 2023.    No. S-22-239.

1. **Jurisdiction: Statutes.** Subject matter jurisdiction and statutory interpretation present questions of law.
2. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
3. **Judgments: Appeal and Error.** An appellate court independently reviews questions of law decided by a lower court.
4. **Jurisdiction: Appeal and Error.** It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
5. ____: ____. If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction.
6. **Jurisdiction: Words and Phrases.** Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved.
7. **Courts: Jurisdiction: Equity.** Although county courts lack general equity jurisdiction, they may apply equitable principles to matters that are within their exclusive jurisdiction.
8. **Pleadings.** When the title of a filing does not reflect its substance, it is proper for a court to treat a pleading or motion based on its substance rather than its title.
9. **Actions: Rescission: Equity.** An action for rescission or a defense based on the same principles sounds in equity.

- 598 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF MARONICA B.
Cite as 314 Neb. 597

10. **Contracts: Rescission: Fraud.** Grounds for the remedy of rescission of a contract include fraud and misrepresentation.
11. **Releases: Fraud.** A release of a claim for relief should not be upheld if fraud, deceit, oppression, or unconscionable advantage is connected with the transaction.
12. **Actions: Equity: Jurisdiction.** An action in equity must be founded on some recognized source of equity jurisdiction.

Appeal from the County Court for Douglas County: John E. Huber, Judge. Order vacated, and appeal dismissed.

Joel M. Carney, of Goosmann Law Firm, P.L.C., for appellant.

Michael T. Gibbons and Raymond E. Walden, of Woodke & Gibbons, P.C., L.L.O., for appellee Davion Brewer.

Andrew D. Wurdeman, Stephen L. Ahl, and Kathryn J. Van Balen, of Baylor, Evnen, Wolfe & Tannehill, L.L.P., for appellee Student Transportation of Nebraska, Inc.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Miller-Lerman, J.

I. NATURE OF CASE

Maronica B., a minor, was injured when a car in which she was a passenger and that was driven by her cousin, Davion Brewer (Davion), collided with a schoolbus. In 2017, Maronica's mother, and then-conservator, Macosha Brewer (Brewer), applied to the county court for Douglas County to permit her to settle Maronica's personal injury claim against Davion and his automobile insurance carrier. The county court found the settlement was in Maronica's best interests and entered an order in which it authorized the settlement. In 2021, Maronica's father, Ronald Branch, who was also the successor conservator (Conservator), relying on equity, filed a motion in the county court to rescind and unwind the 2017 settlement agreement. The motion sought an order

- 599 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF MARONICA B.
Cite as 314 Neb. 597

vacating the county court's prior order authorizing settlement on the grounds that the resulting settlement potentially limited Maronica's recovery against nonsettling parties. The county court found no basis or authority to rescind the settlement agreement and denied the motion to vacate the prior order. The Conservator appeals, but waived preparation of a bill of exceptions. Because the county court lacked subject matter jurisdiction to rescind the personal injury settlement agreement, we vacate the order of the county court and dismiss this appeal.

## II. STATEMENT OF FACTS

Maronica sustained severe injuries in an automobile collision that occurred on April 25, 2017, in Omaha, Nebraska. A schoolbus operated by an employee of Student Transportation of Nebraska, Inc., collided with the car in which Maronica was a passenger. The driver of Maronica's car was her cousin, Davion. In 2017, Brewer petitioned the county court for Douglas County for appointment as a conservator for her daughter, Maronica, for the purpose of handling personal injury claims arising out of the collision. According to the petition, the schoolbus pulled in front of Davion's car, and Davion was contributorily negligent in the collision. The county court appointed Brewer as conservator on August 2, 2017.

Brewer subsequently applied for leave from the county court pursuant to Neb. Rev. Stat. § 30-2653(d) (Reissue 2016) to settle a portion of Maronica's tort claims and, specifically, to execute a release in favor of Davion and his automobile insurance carrier for policy limits of $250,000. The application stated that the settlement was in the best interests of Maronica. Brewer's application stated that after the payment of existing medical bills, medical liens, attorney fees, and reimbursement of expenses, the remaining net proceeds would be placed in a conservatorship account in the amount of $155,850.37. With respect to future medical care, the

- 600 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF MARONICA B.
Cite as 314 Neb. 597

application explained that Maronica was continuing treatment with her doctors and further represented that future medical bills and medical liens could be paid out of future recovery against nonsettling, remaining negligent parties involved in the collision.

In 2017, the county court issued an order in which it authorized the proposed settlement with Davion and his insurer. Based on a hearing and evidence not in the record on appeal, the order states that the county court found the settlement to be in Maronica's best interests and ordered that the net proceeds be placed in an insured account for Maronica's benefit.

Maronica's father was later appointed as the Conservator. On February 18, 2021, the Conservator filed a motion in this conservatorship case asking the county court to vacate "nunc pro tunc" the 2017 order authorizing the settlement agreement. No statute authorizing the undoing of settlements was cited. The motion stated that the "balance of equities" weighed in favor of vacating the county court's prior order and rescinding the settlement agreement with Davion and his insurer. The motion also expressed the Conservator's concern that the settlement agreement with Davion and his insurer could potentially prevent Maronica from recovering fully in a separate tort action pending against Student Transportation of Nebraska and the busdriver.

The county court held at least one hearing on the motion to vacate, although we are without a bill of exceptions showing the proceedings. Following the hearing, the county court found no basis or authority under Nebraska law to void the settlement agreement and release executed by Brewer as then-conservator, and it denied the motion to vacate. The Conservator appeals.

## III. ASSIGNMENT OF ERROR

The Conservator assigns, summarized and restated, that the county court erred when it declined to vacate its 2017 order that authorized the settlement.

## IV. STANDARDS OF REVIEW

[1-3] Subject matter jurisdiction and statutory interpretation present questions of law. *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020). A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *Id*. An appellate court independently reviews questions of law decided by a lower court. *Id*.

## V. ANALYSIS

The Conservator appeals from an order that denied a motion asking the county court to exercise equity to rescind a contract that had released Davion and his insurer from tort liability to Maronica. Because the nature of the Conservator's request was in equity, even if the county court had had the equitable power asserted by the Conservator, in the absence of a bill of exceptions, this court would have been hampered in our de novo assessment of the merits. Nevertheless, the record supplied is adequate to show that the Conservator's request was not related to the conservatorship, the county court lacked subject matter jurisdiction over the substance of the motion, and the county court could not afford the relief sought by the Conservator. We vacate the order of the county court and dismiss this appeal.

### 1. GENERAL PRINCIPLES OF SUBJECT MATTER JURISDICTION

[4,5] Before reaching the legal issues presented for review, it is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties. *County of Lancaster v. County of Custer*, 313 Neb. 622, 985 N.W.2d 612 (2023). If the court from which an appeal was taken lacked jurisdiction, then the appellate court acquires no jurisdiction. *Id*.

We begin by reciting several familiar principles of law.

- 602 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF MARONICA B.
Cite as 314 Neb. 597

[6] Subject matter jurisdiction is the power of a tribunal to hear and determine a case in the general class or category to which the proceedings in question belong and to deal with the general subject matter involved. *In re Estate of Adelung, supra*.

[7] County courts maintain exclusive original jurisdiction of all matters related to a conservatorship of a person. Neb. Rev. Stat. § 24-517(3) (Cum. Supp. 2022). The Legislature has specifically provided that in matters arising under the Nebraska Probate Code, including conservatorships, "[t]o the full extent permitted by the Constitution of Nebraska, the court has jurisdiction over all subject matter relating to . . . protection of minors and incapacitated persons . . . ." Neb. Rev. Stat. § 30-2211(a) (Reissue 2016). See, also, § 30-2201 (Cum. Supp. 2022) (including conservatorships and guardianships in Nebraska Probate Code). Although county courts lack general equity jurisdiction, they may apply equitable principles to matters that are within their exclusive jurisdiction. *In re Guardianship of Brydon P.*, 286 Neb. 661, 838 N.W.2d 262 (2013).

## 2. The Conservator Sought Rescission, Which Sounds in Equity

The subject before the county court was rescission of a tort settlement contract. Like the county court, we understand these proceedings as a purported action in equity. As we explain, for the county court to have subject matter jurisdiction over the Conservator's motion, it must possess a recognized source of equity jurisdiction.

### (a) Notwithstanding Its Caption, the Motion Sought to Rescind a Contract of Settlement and Release of Tort Liability

[8] Although the Conservator characterized the motion shaping this proceeding as a motion to vacate "nunc pro tunc," we read the substance of the motion as a request for rescission of the 2017 settlement agreement executed by

- 603 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
314 NEBRASKA REPORTS
IN RE GUARDIANSHIP & CONSERVATORSHIP OF MARONICA B.
Cite as 314 Neb. 597

Brewer, Maronica's prior conservator, with Davion and his insurer. When the title of a filing does not reflect its substance, it is proper for a court to treat a pleading or motion based on its substance rather than its title. *Gerber v. P & L Finance Co.*, 301 Neb. 463, 919 N.W.2d 116 (2018). The Conservator's motion sought the following relief: The county court should (1) vacate the order authorizing the tort claim settlement, (2) order Conservator to repay the $250,000 to Davion's insurance carrier, and (3) order that "any settlement or release entered into between anyone on behalf of Maronica . . . and Davion . . . and/or his insurance carriers is hereby declared *void ab initio* and of no legal force or effect."

The Conservator's motion did not attack the county court's 2017 order; instead, the Conservator challenges the effect of the 2017 settlement agreement. The Conservator's motion generally expressed concern that the settlement agreement with Davion would adversely impact future recovery from nonsettling tort-feasors against whom Maronica had asserted claims.

### (b) Rescission of Contract Is Equitable in Nature

[9-11] An action for rescission or a defense based on the same principles sounds in equity. See *In re Claims Against Pierce Elevator*, 291 Neb. 798, 868 N.W.2d 781 (2015). Grounds for the remedy of rescission of a contract include fraud and misrepresentation. See *id*. We have also said that a release of a claim for relief should not be upheld if fraud, deceit, oppression, or unconscionable advantage is connected with the transaction. See *Gonzalez v. Union Pacific RR. Co.*, 282 Neb. 47, 803 N.W.2d 424 (2011).

### (c) County Courts' Exclusive Original Jurisdiction Over Conservatorships Does Not Include Power to Grant Equitable Relief Unrelated to Conservatorship.

[12] An action in equity must be founded on some recognized source of equity jurisdiction. *In re Claims Against*

- 604 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF MARONICA B.
Cite as 314 Neb. 597

*Pierce Elevator, supra*. The county courts have jurisdiction over "all matters relating to conservatorship of any person." § 24-517(3). However, they are not empowered to use conservatorship proceedings to grant equitable relief unrelated to the conservatorship.

We have long held that the county court has been given equity powers as to all matters within or incidental to its exclusive jurisdiction. See, e.g., *In re Estate of Adelung*, 306 Neb. 646, 947 N.W.2d 269 (2020); *In re Guardianship of Brydon P.*, 286 Neb. 661, 838 N.W.2d 262 (2013); *Eden v. Asa*, 178 Neb. 651, 134 N.W.2d 600 (1965); *In re Estate of Jensen*, 135 Neb. 602, 283 N.W. 196 (1939); *Youngson v. Bond*, 69 Neb. 356, 95 N.W. 700 (1903). However, contrary to the Conservator's urging, the county court's subject matter jurisdiction over conservatorships is not an independent basis to grant the Conservator's motion that sought rescission of a contract.

We note that the Legislature has empowered conservators to, inter alia, "prosecute or defend actions, claims or proceedings in *any jurisdiction* for the protection of estate assets and of the conservator in the performance of his duties." Section 30-2653(24) (emphasis supplied). Actions on behalf of the protected person are not confined to proceedings in the county court, and not all legal proceedings that may affect the estate of the protected person are within the scope of the conservatorship. Compare *Miller v. Janecek*, 210 Neb. 316, 314 N.W.2d 250 (1982) (determining that equity matter concerning personal representative did not relate to county courts' exclusive original jurisdiction), with *In re Estate of Kentopp. Kentopp v. Kentopp*, 206 Neb. 776, 295 N.W.2d 275 (1980) (determining that exercise of equity related where property involved belonged to decedent and subject to administration of county court), and *In re Estate of Layton*, 207 Neb. 646, 300 N.W.2d 802 (1981) (same). An equity action to protect the ward may be appropriate in another forum. However, the fact that the Conservator is involved in another lawsuit

- 605 -

Nebraska Supreme Court Advance Sheets
314 Nebraska Reports
IN RE GUARDIANSHIP & CONSERVATORSHIP OF MARONICA B.
Cite as 314 Neb. 597

does not make the matter statutorily one relating to the conservatorship, and the county court lacked subject matter jurisdiction of the motion to vacate and rescind the contract of settlement.

### 3. Statutes Pertaining to the Courts' Power to Vacate a Prior Order Do Not Confer Equity Jurisdiction on the County Court

Perhaps recognizing the absence of equity jurisdiction in the county court to achieve his objectives, on appeal, the Conservator refers us to statutes that permit courts to vacate orders out of term and that, as the Conservator urges, supply the needed equity power he seeks to employ in this matter. These statutes do not empower the county courts with equity jurisdiction, and we reject the Conservator's argument.

The Conservator refers us in particular to two statutes. Neb. Rev. Stat. § 25-2720.01 (Reissue 2016) provides:

> The county court, including the Small Claims Court and the county court when sitting as a juvenile court, shall have the power to set aside default judgments and to vacate or modify its own judgments or orders during or after the term at which such judgments or orders were made in the same manner as provided for actions filed in the district court.

Neb. Rev. Stat. § 25-2001(2) (Reissue 2016) provides: "The power of a district court under its equity jurisdiction to set aside a judgment or an order as an equitable remedy is not limited by this section."

Relying on § 25-2720.01 regarding vacating orders after the county court term, the Conservator believes that the statutory language authorizing county courts to vacate orders "in the same manner as provided for actions filed in the district court" means that county courts have all the powers of the district courts. This reading is in error. Instead, we give a sensible reading to § 25-2720.01. The Conservator's reading overlooks the inferential language of the phrasal verb

- 606 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
314 NEBRASKA REPORTS
IN RE GUARDIANSHIP & CONSERVATORSHIP OF MARONICA B.
Cite as 314 Neb. 597

"*provided for*"—a phrase we logically complete to mean "as provided [by the Constitution or statutes] for actions filed in the district court." The Nebraska Constitution provides independent equity jurisdiction to the district court, see Neb. Const. art. 5, § 9, complemented by concurrent statutes. There is no comparable root source of equity power "provided for" the county courts, and § 25-2720.01 does not serve to do so.

Having likened the powers of the county courts to those of the district courts, the Conservator argues that the reference to "equity jurisdiction" in § 25-2001(2) applies equally to district courts and county courts, purportedly bestowing equity power on county courts. We do not agree.

Section 25-2001(2) states its provisions do not limit the power of the district court under its equity jurisdiction. This section does not confer equitable power; it merely refers to the existing "equity jurisdiction" of the district court. We have observed that its provisions are compatible with independent equity jurisdiction of the district court. See *Howard Stove & Furnace Co. v. Rudolf*, 128 Neb. 665, 260 N.W. 189 (1935). Although county courts can apply equity power within the confines of their statutorily granted jurisdiction as we have indicated above, the statutes pertaining to vacating orders after the term do not confer additional equity jurisdiction on the county courts.

## VI. CONCLUSION

The Conservator's motion to vacate an earlier tort settlement was a request for rescission of contract sounding in equity over which the county court did not have jurisdiction in this conservator matter. The statutes regarding vacating orders after the term, §§ 25-2720.01 and 25-2001(2), do not confer equity jurisdiction on the county courts. The county court did not have jurisdiction; therefore, we do not have jurisdiction, and we vacate the order of the county court and dismiss this appeal.

ORDER VACATED, AND APPEAL DISMISSED.