HENDY, Appellant, *v.* INDUSTRIAL ACCIDENT BOARD, Respondent.

(No. 8419.)

(Submitted January 5, 1944. Decided March 7, 1944.)

[146 Pac. (2d) 324.]

*Mr. Leo J. Kottas,* for Appellant, submitted a brief and argued the cause orally.

*Mr. Myles J. Thomas,* for Respondent, submitted a brief and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

In 1907, when John Remes was twenty-five years old, claimant ██ John Hendy, then thirty years old, married Remes' mother in Montana. In 1936 Remes was injured by an industrial accident which, in 1937, resulted in his death. Hendy, being Remes' stepfather by reason of the marriage, claims to be his father within the meaning of section 2866, Revised Codes, and to be dependent upon him and therefore entitled to compensation under the Workman's Compensation Act as the major dependent of Remes, who left no one entitled to take as a beneficiary. Both the Industrial Accident Board and the District Court on appeal having held that Hendy was not Remes' father and that a stepfather is not a father within the meaning of that section so as to constitute him a major dependent, he has appealed from the judgment. It will not be necessary to consider the fact question of dependency, since our conclusion as to the law question of the relationship disposes of the case.

The original contention was that Hendy had adopted Remes by virtue of his understanding of the effect of his marriage with the latter's mother and their alleged recognition of the father and son relationship. But even if the facts were as assumed and could ordinarily have the legal effect contended, it is apparent that no adoption was possible in this case, since Remes was not then a minor (sec. 5856, Rev. Codes), and since Hendy was less than ten years older than Remes (sec. 5857, Rev. Codes). For the same reason it is unnecessary to consider

whether an adoptive parent comes within this provision of the Act.

Assuming the fact of dependency, the only question is whether a stepfather is a father within the meaning of section 2866, which constitutes a part of the Workman's Compensation Act.

Section 2964, Revised Codes, provides that the Act shall be liberally construed; but a liberal construction is not one which violates the statutory rules of construction. Among those rules are section 15, Revised Codes, which provides that words which are not technical, have not acquired a peculiar meaning in law, and are not defined by statute, shall be construed according to the context and the approved usage of the language; and section 10519, Revised Codes, which provides that "the office of the judge is simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted."

Certainly the words "mother" and "father" are not technical, have not acquired any peculiar meaning in law, and are not defined by statute. Therefore, since section 2866 limits "major dependent" to a dependent "father or mother," it is apparent that to construe those words as including also "stepfather" and "stepmother" would be to insert what has been omitted, unless justified by the context or by the approved usage of the language.

"The step-parents, grandparents, and other relatives who may take a child into their home and care for it as if it were their own can hardly be said to come within the scope of the term 'parent,' though they are said to stand *in loco parentis*, * * *." (20 R. C. L. 585, sec. 2.)

"Stepfather" is defined (60 C. J. 32) as: "A word in general use, which as generally understood means the husband of one's mother by a subsequent marriage; the husband of one's mother who is not one's father."

The essential difference between a father and a stepfather has been expressly recognized by this court in *State ex rel. Sheedy* v. *District Court*, 66 Mont. 427, 213 Pac. 802, 804, as follows: "The word 'parent' means 'one who generates a child, a father or

mother' (Standard Dictionary); 'the lawful father or mother by blood and not a stepfather or stepmother or one standing *in loco parentis.*' "

The above statements are in accordance with the generally accepted law and we can find no approved usage of the language justifying the construction sought. On the other hand, the context of the Act furnishes no support for that construction, but on the contrary negatives it.

The Act provides that in case of accidental death (sec. 2915), or of death resulting from accidental injury (sec. 2905), the compensation (or that part of it not collected by the employee before his resulting death) shall be paid: First to his beneficiary, if any; or, second, if no beneficiary then to his major dependent; or third, if no beneficiary nor major dependent, then to his minor dependent.

"Beneficiary" is defined (sec. 2865) as a surviving husband or wife, or a child under eighteen years of age, or a dependent invalid child over that age; "major dependent" (sec. 2866) as the dependent "father or mother," if there is no beneficiary; and "minor dependent" (sec. 2867) as "brothers and sisters" under certain circumstances, if there is no beneficiary nor major dependent. The Act expressly defines "child" as including "stepchild" (sec. 2869), but does not define "father" as including "stepfather."

As shown above, the general usage recognizes that there is an essential difference between a father and a stepfather, and that the latter means one who is not a father but who has married the child's mother. That the legislature had the distinction in mind is shown by its express provision bringing "stepchild" within the definition of "child." Having thus had the distinction clearly in mind, the legislature's failure also to bring "stepfather" or "stepmother" within the definition of "father" or "mother" quite pointedly excludes the assumption that it intended to include them. For the courts so to construe the statute would be to go directly contrary to both elements of the legislative provision requiring the construction to be according to the

context and the approved usage of the language. It would constitute a misconstruction rather than a liberal construction.

Furthermore, the requirement of liberal construction of the ██ Act does not mean that it should be construed in each individual case so as to favor a claimant regardless of the effect of the decision upon the Act as a whole or upon its application in future cases. It means that it should be construed in such a way as to give proper effect to the general legislative purposes of the Act as a whole. We cannot do this by bringing into either the first statutory class of beneficiaries or the second statutory class of major dependents, persons not clearly nor by reasonable implication included therein, to the detriment of those expressly included within the third statutory class of minor dependents, who are entitled to take in the absence of persons of the first and second classes. That would be to include therein what the legislature had seen fit to omit, and so to interfere with the legislative purposes.

A minor dependent cannot take if there is a major dependent. If, therefore, in spite of the pointed legislative omission to define stepfathers and stepmothers as fathers and mothers or to include them as major dependents, we nevertheless construe the statute to include them, the effect may be in future cases to exclude actually dependent minor or invalid brothers or sisters in favor of stepfathers or stepmothers who may not be living with or supporting them. Under the circumstances we can not impute such an intention to the legislature.

The judgment is affirmed.

ASSOCIATE JUSTICES ERICKSON, ANDERSON, MORRIS and ADAIR concur.