## FRANCIS, IN RE ADOPTION OF.

Ohio Appeals, Second District, Franklin County.

No. 4042.    Decided June 10th, 1947.

James M. Hengst, Columbus, for appellee.
Paul H. Horst, Columbus, for appellants.

## OPINION

By MILLER, J.

Submitted on motion by Albert G. Montie, appellee, for an order to dismiss the appeal of Arthur G. Francis and Bessie B. Francis for the following reasons:

(1)   The proceedings and judgment below are not appealable on questions of law and fact.

(2)   No valid reason exists to hold this appeal as an appeal on questions of law.

This is an adoption proceeding which originated in the Probate Court of Franklin County, Ohio.  The question for our

determination is whether or not this is a chancery case within the purview of **Art. IV, Sec. 6** of the **Constitution of Ohio.**

Generally speaking, a chancery case may be said to be one in which, according to usage and practice in courts of chancery up to the time the Code of Civil procedure was adopted, remedies were accorded on the principles of equity and not in accord with the rules of law. **Wagner v Armstrong, 93 Oh St 443.**

In 2 C. J. S. 368, it is said that adoption proceedings are wholly statutory and do not depend upon equitable principles. Where essential statutory requirements have not been met equity cannot decree an adoption on the ground that it has power to decree that that be done which in equity and good conscience ought to have been done.

The history of adoption shows that it is a practice of great antiquity, having been known to the Egyptians, Assyrians, Greeks and ancient Germans. The civil law has recognized such proceedings from its earliest days, even before the time of Justinian who reduced the system to a code which simplified the proceedings and from which modern legislation on the subject has derived many of its chief figures.

In England it is unknown to the common or statutory law. In the United States it exists only by statute based to some extent upon the civil law, which is also true in Ohio. It was therefore at no time cognizable in courts in chancery.

In **Sommers v Doerseam, 115 Oh St 139,** the Court said:

"These matters are, of course, statutory as adoption was unknown to the common law of England; and in states whose jurisprudence is based on that system, the right exists by virtue of the statutes."

Likewise in the case of **In re Privette, 45 Oh Ap 51,** this Court said:

"The adoption of a child is purely statutory creation; the provisions of the statute, should therefore be strictly complied with."

Counsel for the appellant cites the case of In re Guardianship of Jacobs; **Jacobs v Porter, Guardian, 73 Oh Ap 286,** wherein it was held that an appeal on law and fact may be taken to the Court of Common Pleas under authority of §10501-56 GC from an order of the Probate Court appointing a guardian for a person who was adjudged incompetent.

An examination of the history of these two proceedings discloses that they are quite dissimilar. Guardianship was

cognizable to the common law which recognized four distinct forms, namely:

(1) Guardianship in chivalry.

(2) Guardianship in socage.

(3) Guardianship by nature.

(4) Guardianship for nurture.

See 39 C. J. S., page 9.

It seems well settled now that courts of chancery have inherent original jurisdiction to appoint guardians for infants within their territorial jurisdiction. See In re Hudson, 126 P. (2d), 765; 13 Wash. (2d) 673.

In MacPherson Inf. p. 103, it is said:

"There has been some dispute as to the origin of the jurisdiction of chancery over infants.

"However, that jurisdiction is now nowhere questioned, and has been exercised by courts of chancery from a comparatively early period. Chancery would appoint a guardian either on a suit pending or without suit on petition; in either case the rights and duties of the guardian with regard to the person and estate of the infant were the same as those of other guardians and continued during minority."

In Marion County Board of Children's Guardian v Shutter, 34 N. E. 665, 139 Ind. 268, it is said that statutes conferring power on courts of equity to appoint guardians are merely declaratory of a power which such courts already possess. See also 31 L. R. A. 740.

Counsel for appellant also make reference to the case of Varsey v Varsey, 25 O. C. C. (N. S.) 229, which is with reference to the custody of children and wherein the Court held that the question of custody is inherently equitable in its nature. We are in accord with this conclusion, but the matter before this Court concerns itself with "adoption" and not "custody."

The question of the custody of children is an ancient one and was cognizable in courts of chancery. See 9 Eng. & Am. Enc. Law, 866.

The motion to dismiss on law and fact will be sustained, and the second branch, overruled, in accordance with §12223-22 GC. The appellant is granted thirty days from the date of the journalizing of the entry for the filing of bill of exceptions, assignments of error and briefs.

WISEMAN, PJ, and HORNBECK, J, concur.