IN RE PETITION OF WILLIAM RITCHIE ET AL.

53 N. W. 2d 753

Filed June 6, 1952. No. 33188.

*William Ritchie*, pro se.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

So far as involved in this appeal, this proceeding is one to secure a decree of adoption of an adult person. The trial court denied adoption. We affirm the judgment of the trial court.

This proceeding began on December 26, 1951, as an action in equity by the filing in district court of a petition, jointly by William Ritchie and Robert Hun Hee Pai, for adoption and change of name. Mr. Ritchie was

at that time 65 years of age, a widower, and without children. Mr. Pai was of Korean ancestry, a naturalized American citizen, and at the time 26 years of age. It was alleged that Mr. Ritchie desired to adopt Mr. Pai as his son and heir at law; that Mr. Pai desired to accept the adoption; and that it was the desire of both petitioners that Mr. Pai adopt the surname Ritchie to be added to his name. Mr. Ritchie prayed for an order whereby he adopted Mr. Pai as his son and heir at law and that Mr. Pai be granted authority to add the surname Ritchie to his then name. Mr. Pai joined in this prayer.

The matter was first heard on January 28, 1952. At the beginning of the hearing Mr. Ritchie stated that the object of these proceedings was "the adoption" of Mr. Pai "as my son and heir, and by adding the name of Ritchie to his name." There was evidence offered as to the reasons which Mr. Ritchie and Mr. Pai had for desiring to secure this adoption. They are not material to our inquiry and hence are not recited. After evidence was taken the parties rested.

Thereafter on January 29, 1952, Mr. Ritchie and Mr. Pai filed an amendment to the petition for adoption and change of name, wherein it was alleged that on December 26, 1951, the parties entered into a contract whereby Mr. Ritchie agreed that "he would adopt" Mr. Pai as his heir at law and would will to him his property with certain exceptions, in consideration for which Mr. Pai was to change his name as above indicated. This amendment contained a prayer that Mr. Pai be granted authority to change his name as above indicated and that the court find that the contract had been executed and Mr. Pai had performed.

On January 29, 1952, at a second hearing, the contract was offered in evidence.

The trial court entered a decree that Mr. Pai's lawful name should thereafter be Robert Hun Hee Pai Ritchie, and denied adoption. Petitioners appeal. The appeal

does not involve the decree as to the change of name.

Although the prayers of the petition and amended petition are variously worded and by brief here we are asked to approve the contract, the appeal involves, and the petitioners have treated it throughout as, a petition in equity for a decree of adoption. It was so treated at the beginning of the hearing, by the trial judge in his decree, in the motion for a new trial, in the notice of appeal, in the assignments of error, and in the argument here.

The assignments are in effect that the adoption will be beneficial to Mr. Pai and is not contrary to public policy. It is urged that a court of equity has authority to permit the adoption.

It is to be remembered that no one is here challenging the validity of the contract, nor asking that it be enforced, construed, or set aside. The issue is as to the power of an equity court to decree the adoption.

Adoptions are provided for by Chapter 43, article 1, R. S. 1943. Section 43-101, R. S. 1943, provides in part that "Any minor child may be adopted by any adult person or persons." Section 43-102, R. S. 1943, provides that "Any person or persons, desiring to adopt a minor child, shall file in the county court * * * a petition for adoption * * *." The term "minor child" appears throughout the act with reference to the person to be adopted. Section 38-101, R. S. 1943, provides: "All persons under twenty-one years of age are declared to be minors; but in case a female marries under the age of twenty-one years her minority ends."

Petitioners concede that the statutes make provision only for the adoption of minors but contend that the adoption of an adult is not prohibited.

We have held that statutes providing for adoption are of civil and not common law origin. Tiffany v. Wright, 79 Neb. 10, 112 N. W. 311; Nielson v. Kammerer, 128 Neb. 57, 257 N. W. 534.

Adoption proceedings were unknown to the common

law. Ferguson v. Herr, on rehearing, 64 Neb. 659, 94 N. W. 542.

The matter of adoption is statutory, and the manner of procedure and terms are all specifically prescribed and must be followed. Kofka v. Rosicky, 41 Neb. 328, 59 N. W. 788, 25 L. R. A. 207, 43 Am. S. R. 685.

Statutes which limit to minors persons who may be adopted exclude adults. 1 C. J., Adoption of Children, § 13, p. 1376; 2 C. J. S., Adoption of Children, § 13, p. 380; 1 Am. Jur., Adoption of Children, § 13, p. 628; Estate of Taggart, 190 Cal. 493, 213 P. 504, 27 A. L. R. 1360; Estate of Morris, 56 Cal. App. 2d 715, 133 P. 2d 452; McCollister v. Yard, 90 Iowa 621, 57 N. W. 447; Hendy v. Industrial Accident Board, 115 Mont. 516, 146 P. 2d 324.

Consistent with our decisions, it is clear that under our statutes the adoption of an adult is not authorized.

The effect of petitioners' position is that an equity court has the power and should, when equity requires, extend the rights of adoption beyond the plain terms of the statutes and likewise bypass the requirement that a petition for adoption be filed in the county court and the procedures fixed by statute. In short, the request here is that an equity court ignore statutory provisions and do, what petitioners term, equity.

The applicable rules are:

"A court of equity, in dealing with legal rights, adopts and follows the rules of law, in all cases to which those rules are applicable, and whenever there is an explicit statute or a direct rule of law governing the case in all its circumstances, a court of equity is as much bound by it as would be a court of law." State ex rel. Sorensen v. State Bank of Omaha, 128 Neb. 148, 258 N. W. 260.

"The maxim 'Equity follows the law' in its broad sense means that equity follows the law to the extent of obeying it and conforming to its general rules and policies whether contained in common or statute law.

" 'The maxim is strictly applicable whenever the rights

of the parties are clearly defined and established by law, especially when defined and established by constitutional or statutory provisions.'" Dawson County Irrigation Co. v. Stuart, 142 Neb. 428, 6 N. W. 2d 602.

"Equity has never been an instrument of law violation and an equity court will not by its decree set aside legislative enactments or render for naught their mandates." Oman v. City of Wayne, 149 Neb. 303, 30 N. W. 2d 921. See, also, Warren v. County of Stanton, 147 Neb. 32, 22 N. W. 2d 287.

Adoption proceedings do not depend upon equitable principles. Where the essential statutory requirements have not been met, equity cannot decree an adoption. 2 C. J. S., Adoption of Children, § 1, p. 368. See, also, St. Vincent's Infant Asylum v. Central Wisconsin Trust Co., 189 Wis. 483, 206 N. W. 921; Borner v. Larson, 70 N. D. 313, 293 N. W. 836; In re Francis, 82 Ohio App. 193, 77 N. E. 2d 289; Rivers v. Rivers, 240 Ala. 648, 200 So. 764.

The judgment of the district court denying adoption is affirmed.

AFFIRMED.