No. 87-203

IN THE SUPREME COURT OF THE STATE OF MONTANA

1987

---

DAVID L. CALDWELL,

        Claimant and Appellant,

  -vs-

GREAT WESTERN SUGAR CO., and HUNT
INTERNATIONAL RESOURCES CORPORATION,
Employer, and UNINSURED EMPLOYERS'
FUND, Defendant, and STATE COMPENSATION
INSURANCE FUND,

        Defendant and Respondent.

---

APPEAL FROM:  The Workers' Compensation Court, The Honorable
            Timothy Reardon, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Whalen & Whalen; Timothy J. Whalen, Billings, Montana

    For Respondent:

        Allen B. Chronister, Agency Legal Services, Helena,
        Montana

---

Submitted on Briefs:  Aug. 13, 1987

Decided:  December 10, 1987

Filed:  DEC 10 1987

*Ethel M. Harrison*
———————————————————
Clerk

Mr. Justice R. C. McDonough delivered the Opinion of the Court.

Claimant Caldwell appeals the Workers' Compensation Court's order dismissing his claim for benefits from the Uninsured Employer's Fund. We affirm.

On May 5, 1983, Caldwell suffered an industrial injury while working at Great Western Sugar in Billings, Montana. Great Western, a self-insured employer, accepted liability for Caldwell's injury and paid temporary total benefits until February 23, 1985. Subsequently, Great Western Sugar went bankrupt and benefits ceased.

After benefits ceased, Caldwell petitioned for coverage from the Uninsured Employers' Fund. The Workers' Compensation Court denied coverage holding that at the time of the injury and thereafter, the claimant's employer was not an uninsured employer. The issue on appeal is whether the court properly dismissed the Uninsured Employers' Fund.

The matter presented by this appeal concerns the court's conclusion of law defining who is and when an employer is an uninsured employer within the meaning of the Uninsured Employers' statute as applied to the Uninsured Employers' Fund. We will decide this issue accordingly. Statutory construction must give proper effect to legislative intent. Here, the question concerns the purpose and function of the Uninsured Employers' Fund. Hendy v. Industrial Accident Board (1944), 115 Mont. 516, 146 P.2d 324. At the time of the injury, the law called for liberal construction of the Workers' Compensation statutes, § 39-71-104, MCA (1981), however, this does not mean that the clear meaning of the statute can be ignored, Olson v. Manion's Inc. (1973), 162 Mont. 197, 510 P.2d 6.

2

Section 39-71-508, MCA, provides that an employee is entitled to a claim against the Uninsured Employers' Fund if he "<u>suffers</u> <u>an</u> <u>injury</u> out of and in the course of employment <u>while</u> <u>working</u> <u>for</u> <u>an</u> <u>uninsured</u> <u>employer</u> as defined in 39-71-501." (Emphasis added). Uninsured employer is defined by § 39-71-501, MCA, as "an employer who has not properly complied with the provisions of 39-71-401." Section 39-71-401 requires that employers "shall elect to be bound by the provisions of compensation plan No. 1, 2 or 3." When Caldwell was injured, Great Western Sugar was not an uninsured employer, it was properly enrolled under plan No. 1 and paid benefits for approximately two years. Clearly, Caldwell was not injured while working for an uninsured employer. Therefore, Caldwell is not eligible to have a claim against the Uninsured Employers' Fund. We hold that the Workers' Compensation Court properly interpreted the statutory law. Affirmed.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____

_____
Justices

3

Mr. Justice John C. Sheehy, dissenting:


The majority have selectively interpreted § 39-71-401, MCA, regarding that portion of the statute which accords with their view of the case, and disregarding an equally applicable portion of the statute because it is troublesome.

Under § 39-71-501, MCA, an "uninsured employer" means an employer who has not properly complied with the provisions of § 39-71-401, MCA. Note that the definition refers to the whole of § 39-71-401, and not merely to subdivision (1) thereof.

The majority have relied on subdivision (1) of § 39-71-401, which provides in part:

> An employer who has any employee in service under any appointment or contract of hire, express or implied, oral or written, shall elect to be bound by the provisions of compensation plan number 1, 2 or 3.. . .

However that is not the only duty placed upon employers under § 39-71-401. It is provided in subdivison (4) (a) of that statute as follows:

> (4) (a) A private corporation shall provide coverage for its officers and other employees under the provisions of compensation plan number 1 [self insurance], 2 [private insurer] or 3 [state fund insurance]. . . (Emphasis added.)

Great Western Sugar Company enrolled under plan number 1, a self insurer. It is a private corporation and so is bound by subdivision (4) of § 39-71-401. It has not provided coverage for its "other employees" as a self insurer as it is required to do under that subdivision. Thus under § 39-71-501, Great Western Sugar Company is an "uninsured employer" because it has not properly complied with the provisions of 39-71-401.

- 4 -

In § 39-71-505, MCA, it is provided that with respect to uninsured employers, all appropriate provisions in the Workers' Compensation Act apply to the fund in the same manner as they apply to compensation plan number 1, 2 and 3. Included in that command is the statute requiring liberal construction of the Workers' Compensation Act in favor of the employee, a statute which was in effect at the time of this loss.

In Gidley v. W. R. Grace and Company (1986), 717 P.2d 21, 43 St.Rep. 616, we had before us the Montana Occupational Disease Act (MODA). In that case, we determined that the rationale that applies to Workers' Compensation cases applied to MODA, because both Acts involve the same employer/employee relationship and the same rules of liberal construction should apply. We should apply the same rules of liberal construction to this case and determine Caldwell in effect is in fact an employee of a "insured employer" because his employer has not provided coverage to him to the extent that he is entitled.

Liberal construction is not required in this case; literal construction is. Under 39-71-401(4)(a), MCA, a private corporation such as Great Western is required to provide coverage for its employees under some compensation plan. It has not complied with that provision. It is an "uninsured employer" under § 39-71-501, MCA.

It is mere babble in this case to talk about the clear meaning of the statute, where literally and clearly Great Western is an uninsured employer. In the construction of a statute, the office of the Court is simply to ascertain and declare what is in terms or is substance contained therein, not to insert what has been omitted or to omit what has been inserted; where there are several provisions or particulars,

such a construction is, if possible, to be adopted as will give effect to all.  Section 1-2-201, MCA.

This Court is committing a grave error in denying this worker access to such benefits as may be available from the uninsured employer's fund.

_John L. Sheehy_
Justice

Mr. Justice William E. Hunt, Sr:


I concur in the foregoing dissent.

_William E. Hunt_
Justice
