IN RE ADOPTION OF DEBORAH JEAN HEMMER ET AL.
DIANA JO ROHLOFF, APPELLANT,
v. STATE OF NEBRASKA, APPELLEE.

619 N.W.2d 848

Filed December 8, 2000.   No. S-00-195.

James C. Stecker for appellant.

No appearance for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

HENDRY, C.J.

## INTRODUCTION

On December 14, 1999, Diana Jo Rohloff (formerly Diana Jo Schneider) filed an application in the Platte County Court requesting the court to set aside her 1963 adoption by John Schneider (Schneider). The court denied the application. Diana appealed, and we moved the case to this court pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. Neb. Rev. Stat. § 24-1106(3) (Reissue 1995).

## FACTUAL BACKGROUND

Diana's biological parents are Ardith Jean Redler (formerly Ardith Jean Schneider) and James L. Hemmer. On December 11, 1963, Diana was adopted by her stepfather, Schneider. Pursuant to statute, Diana's original birth certificate listing her name as Diana Jo Hemmer was replaced with a new birth certificate listing her name as Diana Jo Schneider. See Neb. Rev. Stat. § 71-626 (Cum. Supp. 2000). Schneider is the surname that presently appears on Diana's birth certificate, while Rohloff is her current married surname.

On January 4, 2000, a hearing was held on Diana's application. Diana testified at the hearing that she was bringing this action in order to restore her original birth certificate with the surname of Hemmer. Diana explained that she wanted her original birth certificate restored because Schneider abused her when she was a child. Ardith and James both filed written consents in support of Diana's application. Schneider has been dead approximately 10 years.

The statutory procedure for restoring an adopted person's original birth certificate is set out in Neb. Rev. Stat. § 71-626.01(3) (Cum. Supp. 2000), which states that "[u]pon receipt of notice that an adoption has been set aside, the original certificate of birth shall be restored to its place in the files . . . ."

In denying the application, the county court stated in its order "the application would be granted if a statutory means were available. The Court is unaware of such authority, and therefore, the application is denied."

## STANDARD OF REVIEW

When an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent, correct conclusion irrespective of the determination made by the court below. *In re Adoption of Trystyn D.*, 259 Neb. 539, 611 N.W.2d 112 (2000).

## ASSIGNMENT OF ERROR

Diana asserts the trial court erred in denying her application to set aside her adoption.

## ANALYSIS

Diana asserts that the county court had the authority to set aside her adoption under either (1) "general equity jurisdiction," (2) Neb. Rev. Stat. § 25-2001 et seq. (Reissue 1995 & Cum. Supp. 2000), or (3) Neb. Rev. Stat. § 43-116 (Reissue 1998). Brief for appellant at 4. We will analyze each basis for Diana's claim separately.

■ Diana's first basis for relief must fail because county courts do not possess general equitable jurisdiction. *Scherbak v. Kissler*, 245 Neb. 10, 510 N.W.2d 318 (1994). As we have previously stated, a county court "only acquire[s] equity jurisdiction through legislative action." *Id.* at 12, 510 N.W.2d at 319, citing *Iodence v. Potmesil*, 239 Neb. 387, 476 N.W.2d 554 (1991). "If the Legislature should choose to grant equity jurisdiction to county courts . . . it will do so in a specific mandate." *Scherbak v. Kissler*, 245 Neb. at 12-13, 510 N.W.2d at 320. There is no specific mandate in the adoption statutes granting a county court equity jurisdiction to set aside an adoption.

Section 25-2001 et seq. also fails to provide a basis upon which to grant Diana's requested relief. This section discusses when a court may modify or set aside its judgments or orders. In particular, § 25-2009 grants a county court the general power to modify or set aside its orders.

■ However, the order Diana is seeking to set aside in this case is an adoption order. In cases of adoption, the Legislature has provided a specific statute which addresses the finality of all adoption orders. Section 43-116(1) states that adoptions, and all proceedings in connection therewith, are "conclusively pre-

sumed . . . valid in all respects . . . unless an action shall be brought within two years . . . attacking its validity." "[S]pecific statutory provisions relating to a particular subject control over general provisions." *Marks v. Judicial Nominating Comm.*, 236 Neb. 429, 432, 461 N.W.2d 551, 553 (1990); *Reed v. Parratt*, 207 Neb. 796, 301 N.W.2d 343 (1981). Accordingly, if the county court is authorized to set aside Diana's adoption, it can do so only under § 43-116.

Section 43-116 fails to provide a basis upon which to grant Diana's requested relief. Diana has neither claimed nor offered evidence of any procedural defect or invalidity which would provide a basis in law under § 43-116 to set aside the adoption. We have recognized that allegations of fraud or estoppel, in an unusual situation, might toll the 2-year time limit in which to bring a legal challenge to an adoption. *In re Adoption of Trystyn D.*, 259 Neb. 539, 611 N.W.2d 112 (2000). We need not address whether the 2-year time limit is tolled in this case, however, because § 43-116 provides no basis for Diana to bring the present action. As a result, the county court correctly determined that it lacked the authority to grant Diana's petition. "[T]he matter of adoption is statutory, and the manner of procedure and terms are all specifically prescribed and must be followed." *In re Adoption of Kassandra B. & Nicholas B.*, 248 Neb. 912, 918, 540 N.W.2d 554, 558 (1995). See, also, *Kellie v. Lutheran Family & Social Service*, 208 Neb. 767, 305 N.W.2d 874 (1981); *In re Petition of Ritchie*, 155 Neb. 824, 53 N.W.2d 753 (1952).

In *In re Petition of Ritchie, supra*, the petitioner sought to adopt an adult. The district court denied the adoption. The petitioner, recognizing that no statutory authority existed which would allow the adoption, urged this court to recognize the adoption as a matter of equity. We declined, concluding that the petitioner was attempting to "extend the rights of adoption beyond the plain terms of the statutes," which could not be done. *Id.* at 828, 53 N.W.2d at 755. Because the adoption of adults was not included in the plain language of Neb. Rev. Stat. § 43-101 (Reissue 1952), this court determined it could not grant the relief requested.

Diana attempts to distinguish *In re Petition of Ritchie* on the ground that the petitioner in that case was seeking to adopt, not seeking to set aside an adoption. This distinction is unpersuasive. In either case, this court is being asked to grant relief without the authority to do so under the adoption statutes.

Nebraska's current adoption statutes do not permit Diana's adoption to be set aside. Whether the adoption statutes should allow for the type of relief requested by Diana is a matter best addressed by the Legislature. See *Rosse v. Rosse*, 244 Neb. 967, 510 N.W.2d 73 (1994).

CONCLUSION

The decision of the county court is affirmed.

AFFIRMED.