Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
02/13/2024 09:08 AM CST

- 642 -

Nebraska Court of Appeals Advance Sheets
32 Nebraska Appellate Reports
IN RE ADOPTION OF SHAYLYNN V.
Cite as 32 Neb. App. 642

In re Adoption of Shaylynn V., a minor child.
Michael M. and Sharel M., appellees,
v. Eric S., appellant.

___ N.W.2d ___

Filed February 6, 2024.    No. A-23-429.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does
   not involve a factual dispute is determined by an appellate court as a
   matter of law.
2. **Adoption: Jurisdiction: Time.** When a party claims that procedural
   defects affect the validity of an adoption decree and seeks relief within 2
   years of the entry of the adoption decree, the county court has authority
   over the matter pursuant to Neb. Rev. Stat. § 43-116 (Reissue 2016).

Appeal from the County Court for Platte County: Denise J.
Kracl, Judge. Reversed and remanded with directions.

Linsey Moran Bryant, of Sidner Law, for appellant.

Emilee Higgins, of Law Office of E. Higgins, L.L.C., for
appellees.

Riedmann, Arterburn, and Welch, Judges.

Riedmann, Judge.

INTRODUCTION

The county court for Platte County dismissed a biological
father's application to set aside a stepparent adoption, find-
ing that it sounded in equity and that therefore, the county
court lacked jurisdiction to address it. The biological father
appealed. Because statutory authority provides jurisdiction,

- 643 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
32 NEBRASKA APPELLATE REPORTS
IN RE ADOPTION OF SHAYLYNN V.
Cite as 32 Neb. App. 642

we reverse the order dismissing the motion and remand the cause for further proceedings.

## BACKGROUND

On November 15, 2022, Sharel M. and Michael M. filed a petition for stepparent adoption, stating that Sharel was the biological mother of Shaylynn V., that Michael was Sharel's husband, and that he wished to adopt Shaylynn. The petition alleged that consent from Shaylynn's biological father, Eric S., was not required because he had abandoned Shaylynn for at least 6 months prior to the filing of the petition. On November 28, Sharel and Michael's counsel filed a motion for substitute service because efforts to determine Eric's current address had failed. The county court granted the motion for substitute service, allowing service to be completed by publication. Proof of publication was filed.

The adoption decree was entered on February 9, 2023, which included a finding that Eric had abandoned Shaylynn. On February 21, Eric filed an application to set aside the adoption pursuant to Neb. Rev. Stat. § 43-116 (Reissue 2016). In it, he alleged that the district court for Dodge County entered a paternity and child support order in February 2015 in which it determined Eric was Shaylynn's biological father. Eric alleged that the district court for Dodge County retained jurisdiction over Shaylynn and had not given its consent to the adoption. He further averred that he had not received proper notice as required by statute. Eric requested the matter be set for hearing.

On March 2, 2023, Sharel and Michael filed a motion to dismiss Eric's application, stating that the district court did not retain jurisdiction over Shaylynn and that Eric had been served by publication. They requested that Eric's application be dismissed with prejudice. The county court set the matter for what it termed a "Pretrial Hearing," to be held on March 14.

- 644 -

Nebraska Court of Appeals Advance Sheets
32 Nebraska Appellate Reports
IN RE ADOPTION OF SHAYLYNN V.
Cite as 32 Neb. App. 642

At the March 14, 2023, hearing, the county court noted that the purpose of the hearing was to determine whether Eric's motion "should be heard." Both parties offered exhibits and arguments were made. The county court took the matter under advisement and subsequently entered a written order ruling that an evidentiary hearing should be held to determine whether the adoption and ruling of abandonment by Eric should be set aside. However, 1 day before that hearing was to occur, the county court entered an order stating:

> It has come to the Court's attention that the case scheduled for hearing tomorrow is a motion to set aside which sounds in equity. "A county court only acquires equity jurisdiction through legislative action." In re Hemmer, 260 Neb. 827 at 829 quoting Scherbak v. Kissler, 245 Neb. 10 (1994). "There is no specific mandate in the adoption statutes granting a county court equity jurisdiction to set aside an adoption." In re Hemmer, Id.
>
> The Motion to Set Aside is hereby dismissed and all hearings are canceled.

Eric appeals.

## ASSIGNMENTS OF ERROR

Eric assigns, summarized and restated, that the county court was without jurisdiction to grant the petition for stepparent adoption and erred in dismissing his application to set aside.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law. *In re Interest of Zachary B.*, 299 Neb. 187, 907 N.W.2d 311 (2018).

## ANALYSIS

The county court determined that the application to set aside the adoption sounded in equity and that it had no jurisdiction over it without a specific mandate in the adoption statutes granting it such authority. However, § 43-116 allows

- 645 -

Nebraska Court of Appeals Advance Sheets
32 Nebraska Appellate Reports
IN RE ADOPTION OF SHAYLYNN V.
Cite as 32 Neb. App. 642

a party to attack the validity of an adoption decree within 2 years of its entry. It states:

> When any court in the State of Nebraska shall . . . (2) hereafter enter of record such a decree of adoption, it shall in like manner be conclusively presumed that the adoption and all instruments and proceedings in connection therewith are valid in all respects notwithstanding some defect or defects may appear on the face of the record, or the absence of any record of such court, unless an action is brought within two years from the entry of such decree of adoption attacking its validity.

§ 43-116. Here, Eric filed an application to set aside the adoption, challenging whether it was properly entered, within weeks of its entry. The county court, by virtue of § 43-116, had jurisdiction over this matter.

The case cited by the county court in its determination that it lacked jurisdiction involved a request to set aside an adoption decree that had been entered over 30 years prior to the challenge. See *In re Adoption of Hemmer*, 260 Neb. 827, 619 N.W.2d 848 (2000). In *In re Adoption of Hemmer*, the movant did not attack the validity of the adoption; rather, she sought to set it aside because her adoptive father abused her as a child. The Nebraska Supreme Court declined to address whether the 2-year statute of limitations could be tolled because the movant neither claimed nor offered evidence of any procedural defect or invalidity that would provide a basis in law under § 43-116 to set aside the adoption.

[2] Unlike *In re Adoption of Hemmer, supra*, Eric asserted two bases upon which he claimed the adoption decree was invalid: (1) the district court retained jurisdiction over Shaylynn and did not file a consent, and (2) Eric did not receive proper statutory notice. Because Eric claimed procedural defects that affected the validity of the adoption decree and sought relief within 2 years of the entry of the adoption decree, the county court had authority over the matter pursuant to § 43-116. The county court erred in determining otherwise.

- 646 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
32 NEBRASKA APPELLATE REPORTS
IN RE ADOPTION OF SHAYLYNN V.
Cite as 32 Neb. App. 642

Sharel and Michael argue that regardless of what the March 14, 2023, hearing was titled, it was in fact an evidentiary hearing on Eric's application because the county court received evidence. They ask this court to infer that the county court's determination that only equity jurisdiction was available constitutes a finding of no apparent error on the record. But this argument is refuted by the record. The county court specifically stated at the March 14 hearing that the purpose of the hearing was to determine whether Eric's application to set aside the adoption should be heard. Following that hearing, the county court ruled that "an evidentiary hearing should be held in this case to decide whether the adoption and ruling of abandonment by biological father should be set aside." The county court did not decide the merits of Eric's application; it decided only whether the application warranted an evidentiary hearing. The merits of Eric's application remain pending and are to be decided by the county court following an evidentiary hearing as previously scheduled.

## CONCLUSION

The county court erroneously determined it did not have jurisdiction over the matter. The order dismissing Eric's application to set aside the adoption is reversed, and the cause is remanded to the county court to hold an evidentiary hearing as previously scheduled.

REVERSED AND REMANDED WITH DIRECTIONS.